## COLEMAN v. TEBBETTS.

In an action by an assignee of a bankrupt, the latter is not a competent witness for the plaintiff, by reason of his interest in the surplus.

ASSUMPSIT, for money had and received, in which the plaintiff claimed to recover the sum of $150, which he alleged to be the property of the bankrupt, and to be in the hands of the defendant.

The only question at the trial was, whether the balance of said sum of $150, remaining in the hands of the defendant—a part having been applied by him to the payment of his account against the bankrupt—was the money of Hamilton or of his wife, which he had never reduced to possession, or exercised any control over. To this point Hamilton was offered by the plaintiff as a witness, and admitted by the court, subject to exception taken by the defendant.

A verdict was returned for the plaintiff for $85.71, which

the defendant moved to set aside and for a new trial, upon the ground of the exception; and the question was transferred to this court.

*Hale* and *Wiggins*, for the defendant.

*James Bell*, for the plaintiff.

GILCHRIST, J. By section 3 of the act of Aug. 19, 1841, "to establish a uniform system of bankruptcy throughout the United States," all the property of the bankrupt, with certain specified exceptions, vests in the assignee appointed by the District Court, under the provisions of the act. This property he may, in conformity with the 9th section, be required by the court to sell; and all assets received by him in money shall be by him paid into the court, subject to the order of the court respecting its safe keeping and disposition. The 10th section contains directions as to the collection of the assets and the times for the distribution of them among the creditors. The act contains other provisions, which it is not necessary to indicate particularly, but which, in connection with those parts which have been cited, show the plain purpose of the act to have been to vest the property of the bankrupt in the assignee, in trust, after deducting the necessary charges, for the ratable payment of the bankrupt's debts, or, if sufficient, the entire payment of them. This being accomplished the trust is discharged, and reverts or results to the source from which it sprung. The District Court, at whose immediate disposal the fund is placed, would, without any doubt, in conformity with the general principle of equity, direct any surplus that might remain, after satisfying the objects of the assignment, to be paid over to the bankrupt. It is his interest, therefore, that the assignee should recover the money for which this action is brought, in order to create, or, in another alternative, to increase such surplus in his hands.

Coleman *v.* Tebbetts.

The answer which the counsel for the plaintiff suggests to the view thus taken, is, that the presumption in cases of voluntary bankruptcy is that the petitioner is in fact insolvent, and that no such surplus exists or can exist. Admitting that such a presumption ought to prevail, it must be considered that the object of the law in excluding the testimony of interested witnesses is to prevent a fact from being established by such testimony which is not true. If we apply the rule to the present case, for instance, it is to prevent the introduction of evidence which might enable the assignee unjustly to obtain funds sufficient to cause such a surplus, although in truth the bankrupt is insolvent. The presumption which the plaintiff insists upon is inconclusive, unless aided by a further postulate, that the fund in controversy really belongs to him.

But we are not advised of any sufficient ground for presuming actual, irretrievable insolvency in all cases of voluntary bankruptcy, which the defendant in an action by the assignee must overcome by proof, in order to show an interest in the bankrupt by reason of a surplus, and his consequent incompetency to testify. It would, in many cases, be extremely difficult for a defendant to make the requisite proof against parties ordinarily possessing the best, if not the only means of information.

The conclusion, therefore, is, that the bankrupt was incompetent to testify, by reason of his interest to swell the funds in the hands of the assignee; that he was improperly admitted to testify, and that the verdict must be set aside, and a

*New trial granted.*